IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LINCOLN MONROE BROCK,           )
                                )
            Petitioner,          )
                                )
      v.                         )      1:08CV605
                                )      1:03CR429-1
UNITED STATES OF AMERICA,       )
                                )
            Respondent.          )

### ORDER, MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lincoln Monroe Brock, a federal prisoner, originally filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 91.)[1] Respondent was initially ordered to respond to the motion within sixty days, but it sought and received several extensions of time. After the granting of the third motion for an extension of time, Petitioner moved for summary judgment or, in the alternative, an evidentiary hearing. (Docket No. 99.) Following the filing of these motions and others by Petitioner, Respondent did submit a response to the § 2255 motion. (Docket No. 105.) Petitioner was notified of his right to reply and eventually received extensions of time in which to file his reply. The last deadline for him to file the reply was July 13, 2009. (Docket No. 121.)

Petitioner did make two filings on that date, neither of which is a true reply brief. Instead, Petitioner filed a motion to strike his previous § 2255 motion and replace it with an entirely

---

[1] This and all further cites to the record are to the criminal case.

new motion raising new issues. (Docket No. 122.) He also included a copy of the new motion which he seeks to file. (Docket No. 123.) Petitioner explains in his motion to strike that he reads and comprehends at a very low level and that his initial § 2255 motion was prepared with the help of inmate law clerks in the prison where he was housed at that time. He recently transferred to a new prison, where he began receiving help from a different inmate law clerk. They realized that the prior motion contained "issues that were redundant and decided by prior court denials." (Docket No. 122 at 1.) Therefore, Petitioner now concedes that "the United States Attorney's Office is 100% correct that they are legally without merit." (Id.) Petitioner asks that the prior meritless § 2255 motion be stricken and that it be replaced with his new motion, which contains issues that he believes will have merit.

Ordinarily, an attempt at substituting a new motion for an existing motion which has already been briefed would not be allowed. However, there are two reasons to grant Petitioner's motion to strike and substitute in this case. First, a review of the claims raised in the initial motion reveals that they would fail for essentially the reasons set out in the government's response. Most were raised previously on appeal and could not be considered now in a § 2255 motion. Those that were not previously raised would fail on their merits in any event. There is no reason to force Petitioner to proceed with claims that are doomed to failure and that would only consume further Court resources to decide. Second, Petitioner's new motion contains succinct claims

-2-

which can be decided on the record before the Court under Rule 4(b) of the Rules Governing Section 2255 Proceedings. This means that the case can proceed without further briefing or delay. Given both of those factors, it is appropriate to grant Petitioner's motion to strike his prior § 2255 motion and allow him to proceed with his new motion. Petitioner's prior motion (docket no. 91) is considered stricken and only his new motion remains for discussion.[2]

### **DISCUSSION**

Petitioner's current § 2255 motion lists three claims for relief, but really only raises two related claims. His first ground for relief states that his sentence was enhanced under 21 U.S.C. §§ 841 and 851 based on a prior drug felony conviction. He raises several grounds stating why he believes the enhancement is improper. Ground Two of his new motion states that his first ground is jurisdictional in nature so that it cannot be time barred or procedurally barred. Finally, Ground Three asserts that Petitioner received ineffective assistance of counsel at the trial level and on appeal because counsel did not object to the improper application of the improper statutory sentencing enhancement discussed in Ground One.

---

[2]The striking of the original § 2255 motion appears to moot Petitioner's motion for summary judgment. That motion rests on events surrounding the briefing of the original § 2255 motion. Its only basis was that Respondent had not filed a timely response brief to the original § 2255 motion. However, the delay by Respondent was undertaken with permission from the Court via motions for extensions of time. The delay created no basis for a judgment in Petitioner's favor.

Petitioner's claims easily fail due to a lack of any possible prejudice. An information of prior conviction seeking the increased penalties found in § 841 was filed in his case. (Docket No. 13.) Also, the PSR reveals that, as Petitioner alleges, he was subjected to an increased statutory sentencing range on two of his charges. The statutory penalty for Counts Four and Five of the six counts on which Petitioner was convicted is listed as being ten years to life under 21 U.S.C. § 841(b)(1)(B). (PSR ¶ 88.) An unenhanced penalty under that same statutory provision would have been five to forty years of imprisonment. Therefore, the enhanced statutory penalty was applied.

The problem for Petitioner is that the enhanced penalty had absolutely no impact on his eventual sentence. What would have been a statutory sentencing range of five to forty years was increased to ten years to life. Petitioner's sentence is for 176 months, which is solidly in the middle of both ranges. Also, that sentence was selected within the advisory range of the United States Sentencing Guidelines. It was the Guidelines and the sentencing judge's agreement with those advisory Guidelines that produced Petitioner's sentence, not the statutory ranges. Therefore, even if Petitioner could show some error in the application of the enhanced penalty under § 841, he could not establish any prejudice.[3] This causes the claims in his amended

---

[3] This is not to say that Petitioner could establish any error. A review of his amended motion reveals that his claims of error appear to be without merit in any event. There is simply no need to discuss them in light of the lack of any possible prejudice.

motion to fail.  United States v. Mackins, 315 F.3d 399, 409 (4th Cir. 2003)(generally discussing need to show prejudice regarding sentencing errors); United States v. Terry, 366 F.3d 312, 314 (4th Cir. 2004)(prejudice a requirement for ineffective assistance claim).  The amended § 2255 motion should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to strike his original motion to vacate, set aside, or correct sentence and replace it with an amended motion (docket no. 122) is **GRANTED**.  His original motion under § 2255 (docket no. 91) is stricken and the case will proceed only on his amended motion (docket no. 123).

**IT IS RECOMMENDED** that Petitioner's motion for summary judgment (docket no. 99) and his amended motion to vacate, set aside, or correct sentence (Docket No. 123) be **DENIED** and that Judgment be entered dismissing this action.

        /s/ Donald P. Dietrich
      **Donald P. Dietrich**
**United States Magistrate Judge**

July 23, 2009